UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.:

Romulo Rodriguez,

    Plaintiff,

v.

Favola, Inc. d/b/a Girasole Restaurant,
a New York Corporation,

    Defendant.

_____/

JUDGE KOELTL

05 CV 4888

RECEIVED MAY 20 2005 U.S.D.C. S.D.N.Y. CASHIERS

COMPLAINT

1. Plaintiff ROMULO RODRIGUEZ (hereinafter referred to as "Plaintiff"), was an employee of Defendant Favola, Inc. d/b/a Girasole Restaurant (hereinafter referred to as "Defendant"), and brings this action for overtime compensation, minimum wages and other relief under both the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b), and New York Labor Law. Plaintiff performed work in food preparation, in New York, New York.

2. Defendant is a New York corporation that operates and conducts business in New York, New York, and is within the jurisdiction of this Court.

3. This action is brought to recover from Defendant overtime compensation, minimum wages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216(b)(the Act).

4.      Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 etseq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), they are entitled to unpaid overtime wages from Defendant for his work beyond 40 hours per week; unpaid spread of hours payments from Defendant for each day he worked more than 10 hours; liquidated damages equal to 25 percent of his unpaid minimum and overtime wages; and attorney's fees and costs.

## JURISDICTION AND VENUE

5.      Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  At all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).

6.      Venue is proper in the Southern District of New York Pursuant to 28 U.S.C. § 1391(b) and (c).

7.      At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§201-209, in that Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) hours per week during one or more work weeks.

8.      In the course of employment with Defendant, Plaintiff was not paid time and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours per workweek during one or more workweeks.

9. The records, if any, concerning the number of hours actually worked by Plaintiff, are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## UNDER FAIR LABOR STANDARDS ACT

10. Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 9 above.

11. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per workweek. Plaintiff regularly worked overtime hours.

12. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurred costs and reasonable attorney's fees.

13. As a result of Defendant's willful violation of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RECOVER OF MINIMUM WAGES
## UNDER FAIR LABOR STANDARDS ACT

14. Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 13.

15. Plaintiff is entitled to be paid at the current minimum wage rate of pay for each hour worked during his employ.

16. Defendant willfully failed to pay Plaintiff at the current minimum wage, contrary to the requirements of Section 6 of FLSA (29 U.S.C. §206).

## COUNT III
## NY MINIMUM WAGE/OVERTIME COMPENSATION

17. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 16 above.

18. At all times relevant to this action, Plaintiff was an employee of Defendant, and Defendant was Plaintiff's employer, as defined by N.Y. Labor Law §§ 2(5), 2(6), 651(5) and 651(6).

19. At all times relevant to this action, the state minimum wage was $6.00. per hour, as codified by N.Y. Labor Law § 652(1).

20. Defendant deliberately refused to pay Plaintiff for many of the hours and days he worked.

21. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff the minimum wage for all hours worked, in violation of N.Y. Labor Law § 592(1).

22. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff his regular rate of pay for the first forty hours of work performed in each week, in violation of N.Y. Labor Law §§ 191(1)(a) and (3).

23. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

24. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day he worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.4.

25. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid regular wages, unpaid overtime compensation, unpaid spread of hours compensation, and an additional twenty-five (25) percent as liquidated damages, reasonable attorney's fee, and costs of the action, pursuant to N.Y. Labor Law § 663(1).

26. As a result of the foregoing, Plaintiff has been injured, and Defendant has profited thereby, in an amount to be proven at trial.

WHEREFORE, Plaintiff, and all other employees similarly situated, request that this Court grant the following relief:

   i. Declare Defendant's conduct complained of herein to be a violation of Plaintiff's rights under the Fair Labor Standards Act and the New York Labor Law;

   ii. Award Plaintiff unpaid minimum wages and overtime compensation due under the Fair Labor Standards Act and an additional equal amount as liquidated damages because of Defendant's willful failure to pay both minimum wage and overtime pay, pursuant to 29 U.S.C. § 216;

iii. Award Plaintiff unpaid regular wages, spread of hours compensation, and overtime compensation under the New York Labor Law and an additional 25% as liquidated damages, pursuant to N.Y. Labor Law § 663(1);

iv. Award Plaintiff prejudgment interest;

v. Award Plaintiff the costs of this action together with reasonable attorney's fees; and such other and further relief as this court deems necessary and proper.

DATED this 20nd day of May 2005.

                    The Law Office of Justin A. Zeller
                    305 Broadway, 9th Floor
                    New York, NY 10007
                    Tel: (212) 897-5859
                    Fax: (212) 822-1407

                    _____
                    JUSTIN A. ZELLER
                    JZ 7094

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK

ROMULO RODRIGUEZ,

    Plaintiff,

v.

Favola, Inc. d/b/a Girasole Restaurant,
a New York Corporation,

    Defendant.

## SUMMONS & COMPLAINT

THE LAW OFFICE OF JUSTIN A. ZELLER
Attorney for Plaintiff
305 Broadway, 9th Floor
New York, NY 10007
Tel: (212) 897-5859
Fax: (212) 822-1407

To:

DJULIANO ZULIANI
(Girasole Restaurant)
151 East 82nd Street
New York, NY 10028